**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 10 2007

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

A CERTIFIED TRUE COPY

DEC 19 2006

ATTEST _____
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 19 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1811

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE LLRICE 601 CONTAMINATION LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of seven actions in the Eastern District of Arkansas, four actions in the Western District of Louisiana, and two actions in the Eastern District of Missouri as listed on the attached Schedule A.[1] Plaintiffs in the Eastern District of Arkansas *Parson* action move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of Arkansas. All responding parties support centralization, but there is disagreement as to the selection of a transferee forum. Plaintiffs in two other Eastern District of Arkansas actions and defendant Riceland Foods, Inc., support plaintiffs' motion in its entirety. Plaintiffs in two potential tag-along actions pending, respectively, in the Northern District of Mississippi and the Eastern District of Texas support transfer to the Eastern District of Arkansas or, alternatively, the Western District of Louisiana. Plaintiffs in an action and four potential tag-along actions in the Eastern District of Missouri and a potential tag-along action in the Middle District of North Carolina, as well the common defendant[2] to all actions, support transfer to the Eastern District of Missouri. Should the Panel not transfer the actions to the Eastern District of Missouri, plaintiffs in the four Eastern District of Missouri potential tag-along actions alternatively support transfer to the Northern District of Illinois. Plaintiffs in three actions and a potential tag-along action pending in the Western District of Louisiana, as well as plaintiffs in an Eastern District of Arkansas action, support transfer to the Western District of Louisiana.

---

[*] Judge Jensen took no part in the decision of this matter.

[1] The Panel has been notified of 21 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Bayer CropScience, L.P. (Bayer). Also named as defendants in some actions but not responding to plaintiffs' Section 1407 motion are the following entities: Aventis Cropscience USA, Inc.; Aventis Cropscience USA, L.P.; Bayer AG; Bayer Cropscience US; Bayer Cropscience Holding II, Inc.; and Bayer Cropscience USA, L.P.

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in these actions, several of which are brought on behalf of nationwide, multistate or statewide classes of rice farmers, allege negligence on the part of Bayer for causing the contamination of commercial rice stocks with LLRice 601, a variety of genetically modified rice. Several actions bring additional claims such as strict liability, negligence per se, public and/or private nuisance and conversion, in addition to state statutory claims. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

The Panel is persuaded that the Eastern District of Missouri is an appropriate transferee district for this litigation. This district enjoys the support of the common defendant and several plaintiffs. By centralizing this litigation before Judge Catherine D. Perry, we are assigning this litigation to a seasoned jurist in a readily accessible district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Missouri are transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Catherine D. Perry for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1811 -- In re LLRice 601 Contamination Litigation

### Eastern District of Arkansas

*Ephron H. Lewis, et al. v. Bayer CropScience, LP*, C.A. No. 2:06-185
*Gregory Ballman v. Bayer CropScience US, et al.*, C.A. No. 2:06-193
*Frank Binkley v. Bayer CropScience US, et al.*, C.A. No. 3:06-168
*Lonnie Parson, et al. v. Bayer CropScience US, et al.*, C.A. No. 4:06-1078
*Geeridge Farm, Inc., et al. v. Bayer CropScience, LP*, C.A. No. 4:06-1079
*Dennis Brown v. Bayer CropScience US, et al.*, C.A. No. 4:06-1133
*Jim Webb v. Bayer CropScience, LP*, C.A. No. 4:06-1153

### Western District of Louisiana

*Joseph W. Deville v. Bayer CropScience, LP*, C.A. No. 6:06-1597
*Leland Vidrine v. Bayer CropScience, LP*, C.A. No. 6:06-1598
*Blane Allen Frey v. Bayer CropScience, LP*, C.A. No. 6:06-1608
*Joey N. Simon, etc. v. Bayer CropScience, LP*, C.A. No. 6:06-1609

### Eastern District of Missouri

*Billy G. Neel, et al. v. Bayer CropScience US, et al.*, C.A. No. 1:06-121
*Kenneth Bell, et al. v. Bayer CropScience, LP, et al.*, C.A. No. 1:06-128